1  Joshua B. Swigart (SBN 225557)
2  Josh@SwigartLawGroup.com
   Spencer L. Pfeiff (SBN 343305)
3  Spencer@SwigartLawGroup.com
   **SWIGART LAW GROUP, APC**
4  2221 Camino del Rio S, Ste 308
5  San Diego, CA  92108
   P: 866-219-3343
6
7  *Attorneys for Plaintiffs*

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 **JESSICA GRAY, individually and** 12 **on behalf of others similarly** **situated,** 13 14          **Plaintiff,** 15 **vs.** 16 17 **TRANS UNION, LLC,** 18          **Defendant.** 19 20 | **CASE NO.**   '22CV1330 AJB  DDL **CLASS ACTION** **COMPLAINT FOR DAMAGES** **FOR VIOLATIONS OF:** **THE FAIR CREDIT REPORTING** **ACT, 15 U.S.C. § 1681 ET SEQ.** **JURY TRIAL DEMANDED** |

21

22

23

24

25

26

27

28

1

Complaint

1

## INTRODUCTION

2    1.   The United States Congress has long been concerned with safeguarding
3         consumers' personal information and privacy. Congress enacted the Fair Credit
4         Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq, to protect consumers and
5         regulate those that buy and sell consumer reports aka credit reports. The FCRA
6         provides rules for consumer reporting agencies regarding their responsibilities
7         concerning fairness, impartiality, and a respect for consumers' rights to privacy
8         because consumer reporting agencies have assumed such a vital role in assembling
9         and evaluating consumer credit and other information on consumers.

10    2.   Jessica Gray ("Plaintiff"), individually and on behalf of all others similarly
11         situated, brings this Class Action for damages and any other available legal or
12         equitable remedies, resulting from the illegal actions of Trans Union, LLC
13         ("Defendant") for failing to maintain and follow reasonable procedures to ensure
14         maximum possible accuracy of Plaintiff's consumer credit reports.

15    3.   Plaintiff alleges violations upon personal knowledge and experience. As to all
16         other matters, Plaintiff bases the allegations on information and belief, including
17         investigation conducted by Plaintiff's attorneys.

18    4.   While many violations are described below with specificity, this Complaint alleges
19         violations of the statute cited in its entirety.

20    5.   Unless otherwise stated, all the conduct engaged in by Defendant occurred in the
21         United States.

22    6.   The violations were knowing, willful, and intentional and Defendant did not
23         maintain procedures reasonably adapted to avoid any such specific violations.

24    7.   Unless otherwise indicated, the use of any Defendant's name in this Complaint
25         includes all agents, employees, officers, members, directors, heirs, successors,
26         assigns, principals, trustees, sureties, subrogees, representatives, and insurers of
27         Defendant.

28    ///

Complaint

## JURISDICTION AND VENUE

8. Jurisdiction of this court is proper for violations of the FCRA, 15 U.S.C. § 1681 et seq pursuant to 15 U.S.C. § 1681p.

9. Venue is proper in San Diego because Plaintiff resides in San Diego County and the illegal acts alleged herein occurred in San Diego County.

## PARTIES & DEFINITIONS

10. Plaintiff is, and at all times mentioned herein was, a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA, as it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports

12. At all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

13. The cause of action herein pertains to Plaintiff's "consumer report", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency (Defendant), which were used or expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

## FACTUAL ALLEGATIONS

14. Around March 25, 2021, Plaintiff filed Chapter Seven Bankruptcy in the Southern District of California, San Diego Division, under case number 21-01132-CL7.

3

Complaint

15. Around July 6, 2021, the Bankruptcy Court granted a discharge of all of Plaintiff's relevant debts.

16. Around July 7, 2021, upon information and belief, the Bankruptcy Court sent notice of discharge to Defendant by first class mail.

17. Around October 26, 2021, Plaintiff checked Plaintiff's Trans Union credit report and confirmed that Defendant was aware of her bankruptcy and was reporting the discharge in the public records section of her report.

18. However, Plaintiff was surprised to see that despite actual knowledge of the bankruptcy discharge, Defendant reported several negative discharged accounts with outstanding debts owed.

19. Specifically, Defendant reported a balance of $15,234 owed to California Coast Credit Union.

20. Defendant reported a balance of $1,572 owed to California Credit Union.

21. Defendant reported a balance of $820 owed to Capital One.

22. Defendant reported a balance of $976 owed to JP Morgan Chase.

23. Defendant reported a balance of $7,106 owed to Nissan.

24. Defendant's conduct constitutes multiple violations of the injunctive order in *White, et al. v. Experian Info. Solutions, Inc.*, Case No. CV 05-1070 ("*White*"), which mandates Defendant to update consumer credit reports on its own after an account is discharged in bankruptcy.

25. The *White* injunctive order is very specific about what procedures are to be followed and what codes are to be entered on credit reports after a chapter seven bankruptcy discharge.

26. Defendant willfully neglected to follow the *White* order and the FCRA which both require Defendant to follow procedures to ensure "maximum possible accuracy" 15 U.S. Code § 1681e(b).

4

Complaint

27. Around April 12, 2022, because of Defendant's failure to adhere to the *White* order, Plaintiff's application for an auto loan was denied by Navy Federal Credit Union, citing Plaintiff's Trans Union credit report.

28. Defendant has no reasonable means of monitoring or updating accounts once they are discharged in bankruptcy. Defendant has reported derogatory and inaccurate information relating to Plaintiff and Class Members' credit history to third parties.

29. Defendant is a professional credit reporting agency, and its entire business revolves around information and credit reporting. It is well-versed in bankruptcy and the resulting discharge of debt that obligates Defendant to report a "$0 Balance" or no balance at all.

30. Defendant has access to information on bankruptcy filing dates, court locations, case numbers and discharge dates.

31. Defendant could obtain information related to each and every discharge issued by a U.S. Bankruptcy court in a bankruptcy proceeding through Lexis and/or PACER, an online court reporting service available to everyone.

32. PACER includes information regarding whether a debt has been discharged or remains due. Therefore, if Defendant were to use services of which it is aware and has access, Defendant could achieve a near perfect accuracy in the reporting of pre-bankruptcy debts.

33. The discharge information for Plaintiff and Class Member's is readily available to Defendant. But Defendant does not have the proper procedures in place to utilize that information to ensure "maximum possible accuracy", resulting in reporting errors, which is what happened to Plaintiff and Class Members.

34. Lenders, and potential lenders, have accessed Plaintiff's reports while Defendant's false information was present thereon, thereby misrepresenting Plaintiff's credit worthiness.

35. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered damages. The inaccurate information Defendant reported

5

Complaint

1    negatively reflects upon Plaintiff and Class Members' credit history, financial

2    responsibility, and credit worthiness.

3    36.  Defendant has denied Plaintiff and Class Members a fresh start as provided by

4    Title 11 of the U.S. code.

5    **CLASS ACTION ALLEGATIONS**

6    37.  Plaintiff brings this lawsuit as a class action on behalf of herself and Class

7    Members of the proposed Class. This action satisfies the numerosity, commonality,

8    typicality, adequacy, predominance, and superiority requirements of those

9    provisions.

10   38.  Plaintiff proposes the following Class consisting of and defined as follows:

11   
12   "All persons in the United States that have obtained a
         chapter seven bankruptcy discharge within the last two
13   years and whose consumer credit report has not been
         properly updated by Defendant as described and required
14   by the *White* order."
15   

16   39.  Excluded from the Class are: (1) Defendant, any entity or division in which

17   Defendant has a controlling interest, and its legal representatives, officers,

18   directors, assigns, and successors; (2) the Judge to whom this case is assigned and

19   the Judge's staff; and (3) those persons who have suffered personal injuries as a

20   result of the facts alleged herein.

21   40.  Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate

22   based on discovery and specific theories of liability.

23   41.  Numerosity: The Class Members are so numerous that joinder of all members

24   would be unfeasible and impractical.  Given that, on information and belief,

25   Defendant inaccurately reported negative information on thousands of Class

26   Members credit reports during the class period, it is reasonable to presume that the

27   members of the Class are so numerous that joinder of all members is impracticable.

28

6

Complaint

1   The disposition of their claims in a class action will provide substantial benefits to

2   the parties and the Court.

3   42.  <u>Commonality</u>: There are common questions of law and fact as to Class Members

4   that predominate over questions affecting only individual members, including, but

5   not limited to:

6   • Whether, within the statutory period Class Members obtained a chapter

7   seven bankruptcy discharge;

8   • Whether Defendant failed to update Class Members' consumer credit

9   reports to correctly reflect Class Members' bankruptcy discharge.

10   • Whether Defendant's conduct constitutes violations of the *White* order;

11   • Whether Defendant's failed to use reasonable procedures as required by law

12   to "assure maximum possible accuracy" of information relating to the

13   discharged debts of Class Members, in violation of 15 U.S.C. § 1681e(b).

14   • Whether Plaintiff and the Class Members were damaged thereby, and the

15   extent of damages for such violation; and

16   • Whether Defendant should be enjoined from engaging in such conduct in

17   the future.

18   43.  <u>Typicality</u>: After Plaintiff's bankruptcy discharge, Plaintiff's consumer credit

19   report was not updated by Defendant in accordance with the *White* order

20   demonstrating Defendant failed to adopt reasonable procedures to assure the

21   information relating to discharged debts was reported on Plaintiff's consumer

22   credit report accurately and thus, her injuries are typical to Class Members.

23   Plaintiff and Class Members were harmed by the acts of Defendant in at least the

24   following ways: Defendant, either directly or through its agents, failed to adopt

25   procedures to ensure compliance with the *White* order and therefore failed to adopt

26   procedures to "assure maximum possible accuracy" of information related to

27   Plaintiff's and Class Members discharged debts. Plaintiff and Class Members were

28   damaged thereby.

7

Complaint

44. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she is similarly situated, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counselors are experienced in handling claims involving consumer actions and violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

45. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

46. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

    a.    Class-wide damages are essential to induce Defendant to comply with Federal law.

    b.    Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

    c.    Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

    d.    Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no

8

Complaint

1    effective remedy at law.

2        e.    Class action treatment is manageable because it will permit a large

3    number of similarly situated persons to prosecute their common claims

4    in a single forum simultaneously, efficiently, and without the

5    unnecessary duplication of effort and expense that numerous individual

6    actions would endanger.

7        f.    Absent a class action, Class Members will continue to incur damages,

8    and Defendant's misconduct will continue without remedy.

9    47.  Plaintiff and the Class Members have all suffered and will continue to suffer harm

10    and damages as a result of Defendant's unlawful and wrongful conduct.  A class

11    action is also superior to other available methods because as individual Class

12    Members have no way of discovering that Defendant failed to adhere to the White

13    order and adopt procedures to "assure maximum possible accuracy" of information

14    relating to the discharged debts of Class Members.

15    48.  The Class should also be certified because:

16    • The prosecution of separate actions by individual Class Members would

17    create a risk of inconsistent or varying adjudication with respect to

18    individual Class Members, which would establish incompatible standards

19    of conduct for Defendant;

20    • The prosecution of separate actions by individual Class Members would

21    create a risk of adjudications with respect to them that would, as a practical

22    matter, be dispositive of the interests of other Class Members not parties

23    to the adjudications, or substantially impair or impede their ability to

24    protect their interests; and

25    • Defendant has acted or refused to act on grounds generally applicable to

26    the Class, thereby making appropriate final and injunctive relief with

27    respect to the members of the Class as a whole.

28

9

Complaint

49. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

50. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

**CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT (FCRA)**

**15 U.S.C. § 1681 *ET SEQ.***

51. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

52. Defendant regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information to furnish consumer reports to third parties, as defined in 15 U.S.C. § 1681a(d).

53. As a credit reporting agency, Defendant is required to comply with 15 U.S.C. § 1681 *et seq.*

54. In preparing Credit Reports, Defendant failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff and Class Members, in violation of 15 U.S.C. § 1681e(b).

55. As a result of Defendant's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. §1681e(b), Defendant erroneously reported as due and owing discharged debts of Plaintiff and Class Members.

56. The above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or

Complaint

1  insurance to be used primarily for personal, family, or household purposes;

2  employment purposes; or any other purpose authorized under 15 U.S.C. § 1681(b).

3  57.  Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff

4  and Class Members for willfully and negligently violating the requirements

5  imposed on Defendant under 15 U.S.C. §1681e(b) to implement reasonable

6  procedures to assure maximum possible accuracy to prevent such reporting of

7  inaccurate information in Plaintiff's reports.

8  58.  Defendant's conduct was a direct and proximate cause, and a substantial factor, in

9  bringing about the serious injuries, actual damages, and harm to Plaintiff and Class

10  Members.

11  **PRAYER FOR RELIEF**

12  WHEREFORE, Plaintiff and the Class Members pray that judgment be entered

13  against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as

14  follows:

15  • Certify the Class as requested herein;

16  • Appoint Plaintiff to serve as the Class Representative for the Class; and

17  • Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class.

18  In addition, Plaintiff and the Class Members pray for further judgment as follows

19  against Defendant:

20  **FAIR CREDIT REPORTING ACT (FCRA)**

21  **15 U.S.C. § 1681 *ET SEQ.***

22  • $1,000 to each Class Member pursuant to 15 U.S.C. § 1681n(a)(1);

23  • Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

24  • An award of reasonable attorney fees and costs pursuant to 15 U.S.C. §§

25  1681n(a)(3) and 1681o(a)(2);

26  • Any other relief the Court may deem just and proper including interest.

27  ///

28  ///

11

Complaint

**TRIAL BY JURY**

59.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury on all counts so triable.


                                      Respectfully submitted,

                                      **SWIGART LAW GROUP**


Date:  September 6, 2022          By:    *s/ Joshua Swigart*
                                         Joshua B. Swigart, Esq.
                                         Josh@SwigartLawGroup.com
                                         Attorneys for Plaintiff

Complaint